UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITE,<br><br>           Plaintiff,<br>     v.<br>FBI,<br><br>           Defendant. | No. 2:23-cv-08457-VBF-AJR<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.
## INTRODUCTION

On October 6, 2023, Michael White ("Plaintiff"), a California resident proceeding *pro se*, filed a "Pleading Page For A Complaint," construed as a purported civil rights action ("Complaint"). (Dkt. 1 at 1.) The Complaint named only the "FBI" as a Defendant. (Id.)

On October 19, 2023, the Court issued an order dismissing the Complaint with leave to amend. (Dkt. 5.) On November 16, 2023, Plaintiff failed a "Request

for Damages," construed as the operative First Amended Complaint ("FAC").[1] (Dkt. 6.) The FAC again names only the FBI as a Defendant ("FBI" or "Defendant"). (Id.)

## II.

## PLAINTIFF'S ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

The rambling, garbled FAC is even more unintelligible than the original Complaint. From what the Court can decipher, the factual allegations of the FAC appear substantively identical to those in the original Complaint. Plaintiff alleges that he is being targeted by the FBI as a "Hebrew Israelite and not a Negro ethnic" for the past 34 years in violation of his First Amendment rights. (Id. at 1.) Plaintiff alleges that the FBI has committed the following on Plaintiff: attempted murder, stalking 24/7, poisoning his food, phone wiretaps, computer taps and hacks, defamation of character, genocide, electronic and satellite surveillances, stealing mail, and bribery. (Id. at 2.) Plaintiff further alleges that because of the FBI, "many companies" including the NFL, Ford Corporation, Chase Bank, Walmart, and Ralph's have all "tried to murder" Plaintiff. (Id.) The FAC contains no prayer for relief. (Id.)

## III.

## STANDARD FOR DISMISSAL OF PRO SE COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the

---

[1] Because the FAC and attachments thereto do not bear consecutive page numbers, the Court uses the CM/ECF pagination.

Ninth Circuit's position in <u>Omar</u> and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See <u>Abagnin v. AMVAC Chemical Corp.</u>, 545 F.3d 733, 742-43 (9th Cir. 2008); <u>see also</u> <u>Reunion, Inc. v. F.A.A.</u>, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

Moreover, when a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. <u>Karim-Panahi v. Los Angeles Police Dep't.</u>, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, the court may not, however, supply essential elements of a claim that were not initially pled. <u>Pena v. Gardner</u>, 976 F.2d 469, 471-72 (9th Cir. 1992). A court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Karim-Panahi</u>, 839 F.2d at 623 (citation and internal quotation omitted).

For the reasons discussed below, the Court DISMISSES the FAC with leave to amend.

## IV.
## DISCUSSION

**A.      The FAC Violates Federal Rule of Civil Procedure 8.**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a

3

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Here, once again, Plaintiff's pleaded allegations in the FAC fail to comply with Rule 8. The body of the FAC again is almost entirely vague, nonsensical, and confusing as to leave uncertain the nature of Plaintiff's claims. Indeed, it is largely unintelligible. There are no clear factual allegations setting forth the particular claims Plaintiff wishes to pursue, the facts supporting each individual claim, and the specific defendant(s) who are allegedly liable under each particular claim. For example, Plaintiff does not set forth any factual allegation concerning what defamatory statements were made by whom or who attempted to kill, stalk, poison, threaten, bribe, or commit genocide on Plaintiff. The thirty (30) page exhibits attached to the FAC confuse rather than clarify Plaintiff's allegations. (Dkt. 6 at 3-32.) A complaint is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Cafasso, U.S. ex rel., 637 F.3d at 1059; see, eg., Steinley v. Health Net, Inc., 2018 WL 6985318, at *5 (C.D. Cal. Dec. 4, 2018) ("Generally, '[u]ndifferentiated pleading against multiple defendants is improper' because it fails to give each defendant notice of the specific allegations and claims that pertain to it.") (citation omitted); E.D.C. Tech., Inc. v. Seidel, 2016 WL 4549132, at *9 (N.D. Cal. Sept. 1, 2016) ("Courts consistently conclude that undifferentiated pleading against multiple defendants is improper") (citations, internal brackets and quotations omitted).

Accordingly, Plaintiff's FAC again consists of an unrelated panoply of

unconnected thoughts with little or no relation to valid federal claims, all of which, as presented, are legally and/or factually patently frivolous.

**B.     The FBI Is An Improper Defendant.**

As the Court previously advised Plaintiff, because the FAC names only a federal government agency as Defendant, the Court construes this action as brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) ("Bivens"), rather than 42 U.S.C. § 1983.  See, e.g., Carlson v. Green, 446 U.S. 14, 18 (1980) (allowing Bivens action for violation of Cruel and Unusual Punishment Clause of Eighth Amendment); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (replacing state actor sued under § 1983 with federal actor sued under Bivens).  Bivens permits constitutional claims against federal officials, in their individual capacities, for actions taken under color of federal law.  See Bivens, 403 U.S. at 397.

However, civil rights action under Bivens may be brought only against federal employees, not the United States or its agencies.  Corr. Services Corp. v. Malesko, 534 U.S. 61, 72 (2001); id. at 70-71 (because the "purpose of Bivens is to deter individual federal officers from committing constitutional violations," the "deterrent effects of the Bivens remedy would be lost" if the Court "were to imply a damages action directly against federal agencies").  As such, "no Bivens-like cause of action is available against federal agencies or federal agents sued in their official capacities."  Ibrahim v. Dept. of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008).

Here, as the Court advised, to the extent Plaintiff alleges Bivens claims against the FBI, the claims must be construed as claims against the United States.  See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1993).  The United States has not waived

sovereign immunity with respect to constitutional claims for damages. Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Thomas-Lazear v. Fed. Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988). The doctrine of sovereign immunity thus bars constitutional claims for damages against the FBI. See Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) (doctrine of sovereign immunity extends to federal employees in their official capacities).

### C. Plaintiff Fails To State A Claim Against Individual Defendants.

To establish a civil rights violation, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

As the Court previously advised Plaintiff, to the extent Plaintiff alleges that unnamed FBI agents violated his constitutional rights, generally, courts do not favor actions against "unknown" defendants. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). However, a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). If that is the case, a court gives the plaintiff "the opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities." Id. A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

Here, however, any claims against unnamed FBI agent(s), if any, must be dismissed because the FAC once again fails to state what each of these defendants separately did in their individual capacity to violate Plaintiff's rights. To state a claim against more than one unnamed defendant, Plaintiff must identify each Doe Defendant as "Doe No. 1, Doe No. 2," etc., in the body of the FAC and show how each defendant individually participated in the alleged constitutional violations,

6

whether or not Plaintiff knows the defendant's name.  If Plaintiff wishes to pursue his claims, he must make an effort to identify the FBI agent's names.

## IV.
## ORDER

The FAC is dismissed with leave to amend.  On or before **December 21, 2023**, Plaintiff shall file a Second Amended Complaint ("SAC") that attempts to remedy the identified defects.  If Plaintiff chooses to file a SAC, it should bear the docket number assigned to this case (2:23-cv-08457-VBF-AJR), be labeled "Second Amended Complaint," and be complete and of itself without reference in any manner to the original Complaint, the FAC, or any other documents (except any documents that Plaintiff chooses to attach to the SAC as exhibits).  Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant.  <u>Should Plaintiff decide to file a SAC, he is encouraged to utilize the form complaint attached to this Order</u>.

**Plaintiff is explicitly cautioned that failure to timely file a SAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**  Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.

\\

\\

1  IT IS SO ORDERED.

2

3  DATED: November 21, 2023

4

5                                                          _____
                                                              HON. A. JOEL RICHLIN
6                                                           UNITED STATES MAGISTRATE JUDGE

7  Attachments:
8  CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
   Pro Se 15, Civil Rights Complaint Pursuant to U.S.C. § 1983